IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EARNEST CLARK, JR., | § | |
| TDCJ-CID NO.322149, | § | |
|     Petitioner, | § | |
| v. | § | CIVIL ACTION NO. H-06-3352 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
|     Respondent. | § | |

## OPINION ON DISMISSAL

Petitioner Earnest Clark, Jr., an inmate incarcerated in the Texas Department of Criminal Justice – Correctional Institutions Division ("TDCJ-CID"), has filed a petition for a writ of habeas corpus under 28 U.S.C. §§ 2241, 2254. (Docket Entry No.1). Respondent has filed a motion to dismiss (Docket Entry No.11) and petitioner has filed a response to the motion. (Docket Entry No.12). Having reviewed the pending motion, the submissions of the parties, the pleadings, and the applicable law, the Court will grant respondent's motion to dismiss. (Docket Entry No.11).

## Background

Petitioner reports that on July 17, 1981, the 209th District Court of Harris County, Texas, assessed sentence of thirty-five years confinement in TDCJ-CID, upon his guilty plea to the offense of murder in cause number 334054. (Docket Entry No.1). Petitioner's conviction was affirmed on appeal. *Clark v. State*, No. 01-81-00501-CR (Tex. App.–Houston [1st Dist.] May 24, 1984, no pet.) (not designated for publication). Petitioner did not seek post-judgment relief in state court from this conviction.

On February 12, 1988, petitioner was released to parole. (Docket Entries No.1, No.11, Exhibit A). On January 22, 1999, petitioner's parole was revoked and he subsequently returned to TDCJ. (*Id.*, Exhibit B). Petitioner filed a time-credit dispute with TDCJ's Classification and

Records Division ("CRD") on August 15, 2002. (*Id.*, Exhibit D). On January 15, 2003, CRD informed petitioner that there was no error in its time calculation. (*Id.*). Petitioner filed a second time credit dispute on August 24, 2004. (*Id.*). On March 9, 2005, CRD informed petitioner that there was no error in his time calculation. (*Id.*). On May 1, 2006, petitioner filed a state habeas application, challenging the forfeiture of his street time following his parole revocation. (Docket Entry No.8; *Ex parte Clark*, No.65,455-01). The Texas Court of Criminal Appeals denied the application without written order on the findings of the trial court without a hearing on August 30, 2006. (*Id.*).

Petitioner filed the pending petition on October 13, 2006,[1] seeking federal habeas relief on the following grounds:

1. He was denied due process by the forfeiture of his street time credit upon revocation of parole; thereby extending his sentence more than ten years;

2. The State has breached its plea bargain agreement by modifying his thirty-five year sentence to a term of forty-five years;

3. Petitioner has been denied equal protection of the law by the application of new laws that deny him the street time that he earned while on parole and treat him differently from others similarly situated; and,

4. The forfeiture of his street time was authorized by an *ex post facto* law.

(Docket Entry No.1).

Respondent moves to dismiss the petition because it is barred by the governing statute of limitations. (Docket Entry No.11).

---

[1] For statute of limitations purposes, the Court treats the date a *pro se* prisoner deposits a federal petition in the mail as the filing date. *Fisher v. Johnson*, 174 F.3d 710, 712 n.8 (5th Cir. 1999) (citing *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (per curiam)). Petitioner dated the petition on October 13, 2006. Therefore, the Court will treat the date the petition was signed as the filing date in this case.

Discussion

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"), habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)–(2).  The one-year limitations period became effective on April 24, 1996, and applies to all federal habeas corpus petitions filed on or after that date.  *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)).   Because

petitioner's petition was filed well after that date, the one-year limitations period applies to his claims. *Id.*, at 198.

In this case, the limitations period began on the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(D). Petitioner's parole certificate, which he signed in February, 1988, states the following, in capital letters: "BE IT FURTHER KNOWN THAT ANY VIOLATION OF SUCH RULES OR CONDITIONS SHALL BE SUFFICIENT CAUSE FOR REVOCATION OF THIS PAROLE, AND THAT ALL TIME SERVED ON PAROLE SHALL BE FORFEITED." (Docket Entries No.8, No.11, Exhibit A). Petitioner's street time was forfeited upon revocation of his parole on January 22, 1999. Liberally construing this record, the Court finds that the factual predicate of petitioner's claims could have been discovered on or about January 22, 1999, when petitioner's parole was revoked. Accordingly, limitations to file a federal habeas petition expired on or about January 23, 2000.

Petitioner filed the pending habeas action on October 13, 2006, years after limitations expired; therefore, the petition is untimely. Because petitioner's state habeas application was not filed until May 1, 2006, after the expiration of the January 23, 2000 deadline, the tolling provisions found in § 2244(d)(2) do not apply. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (noting that the statute of limitations is not tolled by a state habeas corpus application filed after the expiration of the limitations period).

Petitioner has not alleged that he was subject to state action that impeded him from filing his petition in a timely manner. *See* 28 U.S.C. § 2244(d)(1)(B). Further, there is no showing of a newly recognized constitutional right upon which the petition is based. *See* 28 U.S.C. § 2244(d)(1)(C).

Moreover, petitioner has not sought equitable tolling of the limitations period. (Docket Entry No.12). Although petitioner is incarcerated and is proceeding without counsel, his ignorance of the law does not excuse his failure to timely file his petition. *Fisher v. Johnson,* 174 F.3d 710, 714 (5th Cir. 1999).

Accordingly, the Court finds that petitioner's federal petition is barred by the AEDPA's one-year limitation period.

## Certificate of Appealability

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001). On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Beazley*, 242 F.3d at 263 (quoting *Slack,* 529 U.S. at 484); *see also Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000). A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The Court has determined that petitioner has not made a substantial

showing that reasonable jurists would find the Court's procedural ruling debatable.  Therefore a certificate of appealability from this decision is DENIED.

## Conclusion

Based on the foregoing, the Court ORDERS

1.The respondent's Motion to Dismiss (Docket Entry No.11) is GRANTED.

2.This petition is DISMISSED with prejudice.

3.A certificate of appealability from this decision is DENIED.

4.All pending motions are DENIED.

The Clerk will provide a copy to the parties.

Signed at Houston, Texas, on this 29th day of May, 2007.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE